**LINCOLN, GUSTAFSON & CERCOS, LLP**
**ATTORNEYS AT LAW**
**550 West "C" Street, Suite 1400**
**San Diego, California 92101**
**(619) 233-1150/ Fax: (619) 233-6949**

THEODORE R. CERCOS, ESQ. (SBN 128732)
tcercos@lgclawoffice.com
MONICA J. YOON, ESQ. (SBN 238256)
myoon@lgclawoffice.com

Attorneys for Defendant, TARGET CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENICE HENDERSON;<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No.:** '20CV2265 L MSB<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant TARGET CORPORATION (hereinafter, "Defendant") hereby removes to this Court the state action described below, pursuant to 28 U.S.C. § 1441(b).

## I. INTRODUCTION

On or about October 5, 2020, an action was commenced in the Superior Court of the State of California for the County of San Diego, entitled *Denice Henderson v. Target Corporation*, Case Number 37-2020-00035445-CU-PO-CTL. (*See* Complaint, attached as Exhibit "A" to the Declaration of Theodore R. Cercos in Support of Target Corporation's Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity) (hereinafter, "Cercos Decl."); Cercos Decl. at ¶2.)

///

Defendant was served with a copy of the Summons and Complaint on or about October 21, 2020. (Cercos Decl. at ¶¶2-4.) A copy of the summons is attached as Exhibit "B" to Cercos Decl. (*Id*. at ¶3.) Defendant has not yet answered Plaintiff's Complaint. (Cercos Decl. at ¶5.)

The amount in controversy is not stated in the Complaint. (Ex. "A"; Cercos Decl. at ¶6.) Plaintiff sent a pre-litigation demand in the amount of $500,000. (Cercos Decl. at ¶7.) On information and belief, the medical bills Plaintiff has offered to date to support her alleged damages total at least $116,000. (Cercos Decl. at ¶8.) Furthermore, and significantly, in a telephone conversation on or about November 18, 2020, Plaintiff's counsel confirmed to Defendant's counsel that the amount in controversy is in excess of $75,000. (Cercos Decl. at ¶9.) Defendant's counsel informed Plaintiff's counsel of Defendant's intent to remove the case to Federal Court and Plaintiff's counsel did not object to removal. (Cercos Decl. at ¶9.)

Pursuant to 28 U.S.C. § 1332, this is a civil action of which this Court has original jurisdiction. Moreover, this is an action that may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441(b) and 1446(b)(3).

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. (28 USCS § 1441.)

District courts have original jurisdiction of all civil actions where the matter in controversy: (1) is between citizens of different States, and (2) exceeds the sum or value of $75,000, exclusive of interest and costs. (28 USCS § 1332.) As set forth below, both of these requirements are met here.

///

**A. Complete Diversity of Citizenship Exists Between Plaintiff and Defendant**

As discussed below, complete diversity of citizenship exists in this matter between Plaintiff and Defendant because Plaintiff is a citizen of California and Defendant is a citizen of Minnesota.

**1. Plaintiff is a Citizen of California.**

Plaintiff was and is a citizen of California. (Cercos Decl. at ¶10 and Ex. "A".)

**2. Defendant is a Citizen of Minnesota.**

For purposes of removal, a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. (28 USCS § 1332(c).)

Defendant was and is a corporation incorporated under the laws of the State of Minnesota, has its principal place of business in the State of Minnesota, and is the only defendant that has been served with summons and complaint in this action. (Cercos Decl., ¶¶11-12; Declaration of Daniel Moore ("Moore Decl."), served herewith at ¶¶2-6.)

At all times material hereto, Target's corporate Headquarters and Executive Offices were and are located in Minneapolis, Minnesota. (*See* Moore Decl. at ¶3.) At all times material hereto, Target's Executive Officers and senior management, including, but not limited to, the Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, Chief Legal Officer, Chief Marketing Officer, Chief Human Resources Officer, and Chief Stores Officer, were and are located at Target Headquarters in Minnesota. (Moore Decl. at ¶4.)

At all times material hereto, Target's managerial and policymaking functions, including, but not limited to, finance, marketing, merchandising, legal, technology services, store operations, human resources, and property development, were and are performed at and promulgated from Target Headquarters in Minnesota. (Moore Decl. at ¶5.) At all times material hereto, Target's corporate books, records, and accounts were

and are created and maintained at Target Headquarters in Minnesota. (Moore Decl. at ¶6.)

In the U.S. Supreme Court case of *The Hertz Corporation v. Friend*, 130 S.Ct. 1181,1186 (2010), Petitioner Hertz Corporation, which was headquartered in New Jersey and performed "core executive and administrative functions" in that state, operated facilities in 44 states, including California. California accounted for 273 of the company's 1,606 car rental facilities, approximately 2,300 of its 11,230 full-time employees, approximately $811 million of its $4.371 billion in annual revenue, and about 3.8 million of its roughly 21 million annual rental transactions. (*Id.*) The Ninth Circuit affirmed the District Court's finding that Hertz' principal place of business was in California due to the substantial amount of business activities within the state. (*Id*. at 1187.)

The Supreme Court vacated the Ninth Circuit Court's ruling and remanded the case for further proceedings consistent with the Supreme Court's opinion, which was, specifically, that **the principal place of business "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities", or the "nerve center," which is typically sited at the corporate headquarters**. (*Id*. at 1186 (emphasis added).)

The facts in *Hertz* are on point with those of the instant case. As set forth above, Defendant is headquartered in Minnesota and conducts its executive and administrative functions in Minnesota. Thus, the principal place of business, or the "nerve center," is located in Minnesota, where Defendant's high level officers direct, control, and coordinate the corporation's activities.

DOES 1 through 10 are wholly fictitious parties against whom no relief is, or could be, sought in this action. Pursuant to 28 U.S.C. § 1441(b)(1), this Court should disregard the citizenship of any defendant sued under the fictitious names. Accordingly, it is not necessary for other parties to join in this Notice of Removal Action.

///

Since Plaintiff was and is a citizen of California, Defendant was and is a citizen of Minnesota, and no other parties will be joining in this removal action, the requirement for complete diversity of citizenship is satisfied.

**B. The Matter in Controversy Exceeds the Jurisdictional Amount**

As set forth above, in order for a case between diverse citizens to be removable based on diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. (28 USCS § 1332.) As discussed above, Plaintiff confirms that she seeks damages in excess of $75,000. (Cercos Decl. at ¶¶6-9.)

## III. REMOVAL IS TIMELY

This Notice of Removal is filed less than one (1) year after commencement of the action and in that regard is timely pursuant to 28 U.S.C. § 1446(c). (Cercos Decl., ¶13.)

Where the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. (28 U.S.C. § 1446(b)(3).)

Here, Defendant's Notice of Removal is filed less than 30 days after Plaintiff's Complaint was served on Target and less than 30 days after Plaintiff first confirmed that she seeks damages in excess of $75,000 in this litigation. (Cercos Decl., ¶¶14-15.) Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## IV. NOTICE OF REMOVAL SERVED ON ALL ADVERSE PARTIES

Pursuant to 28 U.S.C. § 1446(d), Defendant is serving a written notice of the removal to all adverse parties, including Plaintiff, and will file a copy of the notice with the clerk of the Superior Court of the State of California, County of San Diego, where this action is currently pending. (Cercos Decl., ¶16.)

## V. CONCLUSION

The requirements for complete diversity of citizenship and the requisite amount in controversy are satisfied in this case. Therefore, this Court has subject matter jurisdiction

and removal is proper. Accordingly, Defendant respectfully requests this action be removed from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. § 1441(b).

DATED: November _20, 2020

LINCOLN, GUSTAFSON & CERCOS, LLP

_*/s/Theodore R. Cercos*_______________

THEODORE R. CERCOS
MONICA J. YOON
Attorneys for Defendant,
TARGET CORPORATION